UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD JOHN RESPECKI, and
LAURA RESPECKI,

       Plaintiffs,                              Case No. 13-13399
                                                  Honorable Thomas L. Ludington

v.

DOUG BAUM,

       Defendant.
_____/

**ORDER DENYING MOTION TO EXPEDITE DEPOSITION WITHOUT PREJUDICE**

      Gerald and Laura Respecki own a house in Grayling, Michigan, located at 402 Eric Street. On that property, the Respecki's amassed a number of vehicles, which the City of Grayling (the City) did not like. So the City "filed an action for declaratory and injunctive relief" against the Respeckis "regarding an alleged public nuisance, in the form of automobiles and other trash" located on their property. *See* Pl.'s Compl. Ex. 3 at 1, ECF No. 1. The action was filed in Michigan's Crawford County Circuit Court on April 8, 2011. *Id*. at 2.

      Before the state-court action resolved, however, it is alleged that the City of Grayling Police Chief, Doug Baum, "stated that he would remove the vehicles in question from [the Respeckis'] property regardless of the progress of judicial proceedings." *Id*.; *see also* Pl.'s Compl. Ex. 1, at 2 ("'After 90 days, the vehicles will be getting towed,' Baum said. 'I don't care where we are at in court.'"). Then, on August 8, 2011, Baum followed through—"officers from the Grayling police department entered [the Respeckis'] property and seized several vehicles in order to abate the nuisance." Pl.'s Compl. Ex. 3, at 3.

Because the officers acted without a warrant, the Respeckis requested that the state court "find that the seizure was unconstitutional, order the vehicles returned, and award costs[.]" *Id.* at 1. For the most part, the court agreed, finding that the warrantless seizure of the Respeckis' vehicles violated their Fourth Amendment rights. The court granted the Respeckis' motion and ordered "that the items which were seized . . . on August 8, 2011 be returned[.]" *Id.* at 11. But the court did not award the requested costs and attorney's fees. *Id.*

Now the Respeckis have filed an action in this Court against Doug Baum in his individual capacity seeking damages pursuant to 42 U.S.C. § 1983. This second case was filed on August 7, 2013. Two weeks later, the Respeckis filed two motions: a motion to expedite the deposition of Gerald Respecki, who is allegedly "terminally ill with cancer," Pls.' Mot. Exp. 2, ECF No. 4, and an *ex-parte* motion for immediate consideration of the motion to expedite Gerald's deposition, Pls.' Mot. Imm. Cons., ECF No. 5. In the second motion, the Respeckis indicate that "[t]ime is of the essence, because Mr. Respecki is terminally ill with cancer and has only a few weeks to several weeks to live[.]" *Id.* at 1.

Attorney Gus Morris filed an appearance on behalf of Baum on August 13, 2013 (although Baum has yet to answer the complaint). Baum responded to the Respeckis' motion to expedite Gerald's deposition the same day it was filed, and indicated that "[o]n the main, [he] does not object to [the Respeckis'] request for a deposition to perpetuate [Gerald's] testimony in the pending action, subject to two (2) caveats." Def.'s Resp. 1, ECF No. 6. Specifically, before relief is granted, Baum asks that the Respeckis "show[] why the requested testimony must be perpetuated, as well as establishing cause for conducting discovery outside the bounds of Fed. R. Civ. P. 26." *Id.* (citations omitted). Further, Baum indicates that he "will be significantly prejudiced if the Court grants [the Respeckis'] motion" because the case was recently filed, and

there has been no opportunity to investigate the Respeckis' claims or to prepare for the proposed deposition. *Id*. at 2. So if the motion is granted, and "if [Gerald] survives," Baum wants the opportunity "to depose [Gerald] a second time at a later date in the normal course of discovery." *Id*.

# I

Baum is correct with his first contention—the Respeckis have not carried their burden to establish that Gerald's testimony must be immediately perpetuated—and the Respeckis' motion to expedite Gerald's deposition will be denied without prejudice.

Federal Rule of Civil Procedure 27 relates to depositions to perpetuate testimony. But the rule only contemplates such depositions before an action is filed, Fed. R. Civ. P. 27(a), or after judgment pending an appeal, Fed. R. Civ. P. 27(b). Rule 27 does not address motions to perpetuate testimony filed while an action remains pending before a district court. Rule 30, on the other hand, allows a party "to take [a] deposition before the time specified in Rule 26(d)" if the leave of Court is obtained, no matter if the action has already been filed. Fed. R. Civ. P. 30(a)(2)(A)(iii).

Yet, regardless of the timing of the Respeckis' motion, to secure the relief they request, they must "show that there is a danger that the testimony will be lost by delay." *May v. Int'l Bus. Assocs., Inc.*, 791 F.2d 934, at *1 (6th Cir. 1986) (unpublished) (citing *Arizona v. California*, 292 U.S. 341, 347–48 (1934)). "Mere allegations that witnesses might die or memories might fade are not sufficient to justify granting the motion." *May*, 791 F.2d at *1 (citations omitted). The Respeckis' bare-boned assertions do not satisfy the required showing for granting their motion, and therefore, it will be denied without prejudice. Should the Respeckis decide to refile the

motion with additional evidentiary support corroborating Gerald's medical circumstance, the Court suggests they adhere closely to the requirements of Rule 27(a)(1).

Because Baum's first point is sound, there is no need to reach his second point at this juncture (the Court anticipates taking up the question if the Respeckis decide to refile their motion with adequate factual support).

II

Accordingly, it is **ORDERED** that the Respeckis' *ex-parte* motion for immediate consideration, ECF No. 5, is **GRANTED**.

It is further **ORDERED** that the Respeckis' motion to expedite Gerald Respecki's deposition, ECF No. 4, is **DENIED** without prejudice.

Dated: August 28, 2013          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 28, 2013.
         s/Tracy A. Jacobs
         TRACY A. JACOBS